

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

> Opinion No. O-1253
> Re: Expense account of Mr. Virgil
> Pope, employee, covering period
> during which Mr. Pope was con-
> fined to hospital immediately
> following accident May 19, 1937.

We quote herein from your letter of August 7th
containing a request for an opinion from this department
as follows:

> "On May 19, 1937, Mr. Virgil Pope, an
> employee of the Texas Liquor Control Board,
> submitted an expense account in the sum of
> $41.80, which was refused by the Comptroller
> by reason of the fact that the State had no
> authority to pay for hospitalization of its
> employees.

> "Mr. Pope, while stationed at Dallas,
> Texas, was ordered to Fort Worth on official
> business. While in Fort Worth on business
> he was in an automobile accident, which caus-
> ed him to remain in the hospital some ten or
> twelve days in Fort Worth, Texas.

> "We would appreciate being advised as to whether
> or not Mr. Pope is entitled to draw his $3.80
> per day allowed for expenses for room and meals
> during the time he was away from his headquarters
> in Dallas, and to which he had not theretofore
> been ordered to return.

> "The sum of $3.80 per day was paid to the
> Cook Memorial Hospital at Fort Worth, Texas, as

Hon. Bert Ford, Administrator, Page 2

> a part of his expenses for room and meals.
> Mr. Pope is not submitting any expense ac-
> count for his bill at the hospital other
> than above mentioned. In the event you find
> this amount is due, could it be paid out of
> our current appropriations?"

The payment of "traveling expense" as allowed
to the various officers, assistants, deputies, clerks and
other employees in the various departments of the state
government, out of any funds appropriated by the Legisla-
ture, is governed by the language of the general statute
relating thereto.

Article 6823, R. C. S. of 1925, as amended, be-
ing the statutes referred to reads as follows:

> "The traveling and other necessary ex-
> penses incurred by the various officers,
> assistants, deputies, clerks and other em-
> ployees in the various departments, institu-
> tions, boards, commissions or other subdivi-
> sions of the State Government, in the active
> discharge of their duties shall be such as
> are specifically fixed and appropriated by
> the Legislature in the general appropriation
> bills providing for the expenses of the State
> Government from year to year...."

It will be noted that the above statute does not
unqualifiedly authorize or allow traveling expense but con-
tains words of limitation, which in effect, states "travel-
ing and other necessary expenses incurred by the various
officers....in the active discharge of their duties shall
be such as are specifically fixed and appropriated...."

We find the following language used by the 44th
Legislature in the general appropriation bill applicable,
Section 2 thereof, the provisions of which are to be con-
strued with the above statute:

> "....(e) All employees traveling at the
> expense of the state, are hereby limited to

Hon. Bert Ford, Administrator, Page 3

  the following amounts for meals and lodging;
for meals not exceeding $1.80 per day, for
lodging not exceeding $2.00 per night, for
money actually expended only;....

  "(f) The following rule shall be observed
by all state employees in rendering their ex-
pense accounts before any expense shall be paid
from appropriation herein made for 'traveling
expenses':

    "(1) There must be a concise state-
ment of the duties performed....

    "(2) The name of hotel, restaurant,
boarding or rooming house in which
meals and lodging are procured shall
be given in every case where a receipt
is required under the act...."

  In connection with your request, our attention
has been directed to a former opinion rendered by Hon.
Leon Moses, Assistant Attorney General, directed to you
under date of September 1, 1937, a copy of which you no
doubt have in your files. It is apparent from the opinion
of Mr. Moses, having the particular expense account sub-
mitted and before him at the time, that his conclusion was
reached as a result of said expense account failing to
disclose any duties performed or that during the period of
confinement to the hospital Mr. Pope was not engaged in the
actual discharge of his duties. We are forced to assume
that the account was correctly submitted as you do not con-
tend any error in same in your letter nor are any facts
contained therein disclosing any duties being performed
by Mr. Pope while being confined to the hospital.

  It is therefore, the opinion of this department
that Mr. Pope is not entitled to draw his $3.80 per day

incurred in 1937 for expenses for rooms and meals during the period of confinement in a hospital, not being engaged at the time in the active discharge of his duties.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED SEP 1, 1939

ATTORNEY GENERAL OF TEXAS


APPROVE
OPINION
COMMITTE
BY
CHAIRMAN